UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiff:
Jessica Lea Tyciak

v.

REC'D AUG 2 7 2025

REC'D AUG 2 7 2025

Defendants:
Pennsylvania State Police Officer Mathew Brennan in his individual and official capacity, Pennsylvania State Trooper Igor Karlov in his individual and official capacity, Pennsylvania State Police, and John Does #1-3 (unknown officers)

Case Number:

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983

PARTIES
1. Plaintiff Jessica Lea Tyciak, a citizen of the United States and resident of: 931 Chew St. Apt. 3, Allentown, Pennsylvania, 18102.  Plaintiff is a citizen journalist guaranteed the right to Free Press by the United States Constitution.
2. Defendants
   a. Pennsylvania State Police (PSP) – a governmental agency responsible for enforcing the laws of the Commonwealth of Pennsylvania.
   b. Defendant Officer Mathew Brennan is a Pennsylvania State Trooper who acted under the color of law during the events described, sued in both his individual and official capacity.
   c. Defendant Officer Igor Karlov is a Pennsylvania State Trooper who acted under the color of law during the events described, sued in both his official and his individual capacity.
   d. Defendants John Does #1-3 are unknown PSP officers involved in Plaintiff's arrest and searches.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 because the claims arise under the laws of the United States, specifically 42 U.S.C. Section 1983, for the violation of the Plaintiff's civil rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution.
4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391 because the events giving rise to this claim occurred in Bensalem, Pennsylvania.

FACUAL ALLEGATIONS

5. On August 28, 2023, Plaintiff was recording public officials inside a Pennsylvania Department of Motor Vehicles (DMV) in Bensalem, Pennsylvania, as a citizen journalist, a Constitutionally-protected activity.
6. Plaintiff was approached by employees of the DMV who requested that Plaintiff stop recording. The Security Guard, who was not a law enforcement officer, asked Plaintiff to cease recording, both the DMV Manager never made such a request, and no one asked Plaintiff to leave until Officer Brennan prompted the Security Guard to do so.



7. Shortly thereafter, Defendants Brennan and Karlov, both Pennsylvania State Troopers/Police Officers arrived at the scene. Plaintiff remained calm and compliant. The officers, however, approached the Plaintiff aggressively, and asked Plaintiff to go outside onto the public sidewalk, and Plaintiff complied. As Plaintiff was escorted outside, Officer Karlov said "come on outside, you can record us all you want out here," and this was recorded by Plaintiff on her cell phone camera, and was posted onto her YouTube channel, exercising her right to Free Press according to the Untied States Consitution.

8. Officer Brennan asked Plaintiff multiple times to leave, and despite Plaintiff agreeing to leave the public sidewalk, Officer Brennan persisted in making unlawful demands for identification, and unlawfully questioning Plaintiff about personal matters unrelated to their reason for their encounter – questions about how Plaintiff got there, if she drove there, and where her car was parked; repeatedly.

9. Plaintiff refused to provide identification because no law was being broken, and the Officers had no lawful reason to demand ID according to the Fourth Amendment.

10. Despite Plaintiff's compliance and explanation of her Constitutional rights as Free Press to record public officials and public servants in the course of their duties, Officer Brennan decided to arrest Plaintiff for disorderly conduct and trespassing – charging Plaintiff with offenses she did not commit, and Plaintiff was subjected to six months' probation based on false charges.

11. Despite Plaintiff's calm demeanor, Officer Brennan arrested her for disorderly conduct (18 Pa C.S. Section 5503) and Trespassing (18 Pa C.S. Section 3503) claiming that Plaintiff "standing there and talking is being kinda disorderly." The video is on the Plaintiff's YouTube channel: ✛ Notes 🖊️ www.youtube.com/@RageGirlRadio and the arrest was recorded. ⟶ see Notes 🖊️

12. Pennsylvania State Troopers Officer Brennan and Officer Karlov detained Plaintiff without reasonable suspicion or probable cause. Plaintiff asked three times "if she was being detained," but the Officer's wouldn't answer, and Officer Karlov said "don't you move," scaring the Plaintiff.

13. The DMV Security guard, at Officer Brennan's prompting, told Plaintiff "you gotta go,", but then, she said "you can come back in for service, but you can't record." Plaintiff was asked by Officer Brennan if she would leave and exit the sidewalk, to which the Plaintiff said "yes, and agreed to leave. Plaintiff was asking for the directions to their Police Department so that she could file Complaints on both Officers for violating her Constitutional rights, and that's when Officer Brennan arrested her.

14. During the arrest, Officer Brennan and Officer Karlov violated Plaintiff's Constitutional rights by performing an unlawful search of Plaintiff's person and belongings without consent or probable cause violating Plaintiff's Fourth Amendment rights.

15. During the Search, Officer Brennan made derogatory and offensive comments suggesting Plaintiff was a criminal and deserved what he was doing to her, while she cried throughout the arrest, and every other word out of Officer Brennan's mouth was obscenities: "fuck."

16. Plaintiff disclosed being a rape survivor, before being searched, and requested that a female officer search her, to which Officer Brennan replied: "well, you play stupid fucking games and you win stupid fucking prizes." Officer Brennan invasively searched the Plaintiff three times, total, which caused severe emotional harm to someone with a trauma history to which Plaintiff's psychiatrist and mental health therapist agree. Plaintiff has been in therapy since year 2000, and everything that happens in Plaintiff's life is recorded by doctors, and mental health specialists.

17. Plaintiff was subjected to a humiliating and unlawful search of her body, which resulted in significant emotional distress including, but not limited to: anxiety, panic attacks, and lasting PTSD symptoms into the present.

18. While handcuffed, in the back of Officer Brennan's police cruiser, as they drove Plaintiff to the police department, Officer Brennan said "You know, I can't let you go back to that property, that

would be trespassing, so I have to drive your car from the DMV to the police department," and Plaintiff asked if a warrant was needed to touch her car, in the public parking lot, and Officer Brennan replied: "why? What am I gonna find inside your car?".

19. Officer Brennan took the Plaintiff's car keys out of her purse (without a warrant or consent) and unlawfully seized, searched, and drove her car from the DMV to the police department, and Brennan already admitted this on stand, in the trial, but the Judge said "the Officer was doing the Plaintiff a favor" by driving her car, and violating her Constitutional rights.

20. Following Plaintiff's unlawful arrest, Defendant Brennan bent the Plaintiff over in front of him, and put ankle shackles around her ankles so tightly that there were cuts, and bruises for two weeks, and Officer Karlov laughed at the Plaintiff while she cried and tried to walk in ankle restraints so tight, she cried.

21. In Court, the District Attorney used an edited video off of the Plaintiff's YouTube channel: Rage Girl Radio, on YouTube, with commentary the Plaintiff added after the arrest, prejudicing the trial. The Judge mocked the Plaintiff's mental health disorder, as Bipolar, denying Plaintiff a fair trial.

22. Plaintiff was charged with Disorderly Conduct and Trespassing, despite breaking neither law. Plaintiff was subjected to six months' probation based on false charges, and suffered severe consequences, including but not limited to:

   a. Plaintiff was given 60 days notice to leave her apartment, in Bucks County, Pennsylvania, after Plaintiff was charged with these charges. Her landlord would not renew her lease, and no one in Bucks County would rent an apartment to her with a criminal record and serving probation, and Plaintiff had to move to a very undesirable neighborhood with drug dealers on the corner on Chew Street, in Allentown, Pennsylvania.

   b. Embarrassment and humiliation. Emotional distress. PTSD, anxiety, anxiety attacks, nightmares, and depression.

   c. Plaintiff lost family relationships as a direct result of these false charges.

23. The arrest, and everything that happened after to the Plaintiff was retaliatory, motivated by the Plaintiff's prior recordings of public Officials, public servants, Police Officers, and correctional officers throughout Bucks County – including but not limited to: the Bucks County Prison, and the Bucks County Clerk of Courts: Michael J. Paston, who violated my "anonymous" Right to Know Request, on camera- which was posted on the Plaintiff's YouTube channel: Rage Girl Radio, and Mr. Paston attended the Plaintiff's trial, and was in the audience- he spoke to the Plaintiff briefly outside the courtroom and he was rude.

CAUSES OF ACTION

Count 1:  42 U.S.C. Section 1983 – First Amendment Violation (Retaliation)

24. Plaintiff realleges and incorporates the above paragraphs as though fully set forth here.

25. Defendants arrested the Plaintiff in retaliation for her recording public Officials, public servants, and police officers throughout Bucks County, Pennsylvania, including the Bucks County Justice Center, the Doylestown Courthouse, the Doylestown Post Office, Bucks County Public Libraries, the Clerk of Courts – which is the Plaintiff's Constitutional right to Free Press and Free Speech.

26. Plaintiff suffered damages including but not limited to: emotional distress, lost income, and reputational harm.



Count 2:  42 U.S.C. Section 1983 – Fourth Amendment Violation (Unlawful arrest and Search)

27. Defendants arrested Plaintiff without probable cause and conducted unreasonable searches including invasive touching despite Plaintiff's trauma history, violating the First Amendment of the Constitution.
28. Defendants seized and drove Plaintiff's car without a warrant, further violating the Fourth Amendment.
29. Plaintiff suffered physical injuries, emotional distress, and property damage.

Count 3: 42 U.S.C. Section 1983 – Fourteenth Amendment Violation (Due Process)

30. Defendant's use of an edited YouTube video with commentary added post-arrest, and the Judge's biased conduct (mocking Plaintiff's mental health diagnosis, and calling Plaintiff a liar) denied Plaintiff a fair trial, violating Due Process.
31. Plaintiff suffered wrongful convictions and reputational harm.

Count 4: False Arrest/False Imprisonment (Pennsylvania law)

32. Defendants detained and arrested Plaintiff without legal justification, constituting false arrest and imprisonment under Pennsylvania law.
33. Plaintiff suffered loss of liberty, emotional distress, and economic damages.

Count 5: Assault and Battery (Pennsylvania law)

34. Defendant Brennan's invasive searches, and use of tight restraints (handcuffs and ankle shackles) constituted assault and battery, causing physical and emotional harm.

Count 6:  Intentional Infliction of Emotional Distress (Pennsylvania law)

35. Defendants outrageous conduct, including making derogatory statements and obscenities to the Plaintiff's unlawful search and the humiliating treatment during, and after the arrest, and the seizure of Plaintiff's car caused anxiety, depression, and PTSD.

Count 7:  Trespass to Chattels (Pennsylvania law)

36. Defendant Brennan's unauthorized use, and search of Plaintiff's car, with no warrant or probable cause constituted trespass to chattels causing property damage and emotional distress.

Count 8:  Excessive Force and Punishment (Pennsylvania law)

37. Defendant Brennan used excessive force by tightly shackling Plaintiff's ankles and wrists as punishment and in retaliation for the Plaintiff's non-compliance to unlawful orders before the arrest, and for her recording government buildings and officials throughout Bucks County, Pennsylvania, as Free Press, according to the First Amendment of the Constitution.

PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Honorable Court:

⑤

a.   Award compensatory damages in the amount of $200,000. for violations of Plaintiff's civil rights, causing emotional distress, physical injuries, pain and suffering, and humiliation.

b.   Award punitive damages in the amount of: $900,000. against Defendant Brennan for his malicious conduct resulting in sever emotional distress and physical injuries.

c.   Award injunctive relief to expunge Plaintiff's unlawful convictions and enjoin Defendants from retaliating against any future First Amendment activities. Also, please remove the ban that the Judge put on the Plaintiff from ever entering the Bensalem DMV.

d.   Award all costs and fines related to this case, as well as reasonable attorney's fees, and the refund of all probation costs/fees.

e.   Any other relief that this Honorable Court deems just and proper.

f.   Grant Plaintiff a declaratory judgement that Defendant's actions violated the Plaintiff's Constitutional rights.

DEMAND FOR JURY TRIAL
Plaintiff hereby demands a trial by jury on all issues so triable.

Certification

I, Jessica Lea Tyciak, certify that the foregoing is true and correct to the best of my knowledge

08/27/2025
Date

Signature

Jessica Tyciak
931 Chew St. Apt. 3
Allentown, Pa 18102

RageGirlRadio@yahoo.com
Jtyciak9@gmail.com

267-576-0140

Ⓙ.Ⓣ. Notes:
The video of this arrest is on the Plaintiff's YouTube channel: www.youtube.com/@RageGirlRadio
Title: "State Troopers VIOLATE RIGHTS on Camera JOURNALIST ARRESTED for Disorderly TYRANT COP +Snowflake Ego

https://youtu.be/MnEb6LLJ7jA?si=ROKbkB_V-UnauOW3